UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

Michael P. McMahon,

                        Debtor.

Chapter 7

Case No.: 8-21-71758-las

------------------------------------------------------------X

## MEMORANDUM DECISION AND ORDER GRANTING EXTENSION OF TIME TO FILE COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE

Before the Court is the motion of George Tapinekis, Michael Schiavello, and Vasilios Takos (collectively, "Movants") seeking entry of an order, pursuant to Bankruptcy Rule 4004(b), extending their time to file a complaint objecting to the debtor's discharge under 11 U.S.C. § 727.[1] [Dkt No. 43]. The debtor opposed the motion. [Dkt. No. 60]. The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a), dated August 28, 1986, as amended by Order dated December 5, 2012.

The Court has carefully reviewed the parties' arguments and submissions and, for the following reasons, grants Movants' motion to extend time to file a complaint objecting to the debtor's discharge under § 727(a).

## Background and Procedural History

On October 4, 2021 ("Petition Date"), the debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code. On the Petition Date, Andrew M. Thaler ("Trustee"), was appointed interim trustee of the debtor's estate and subsequently qualified as permanent trustee and continues to serve in that capacity. On the Petition Date, the debtor filed schedules of assets and liabilities and a statement of financial affairs. [Dkt. No. 1]. On April 22, 2022, the debtor filed amended schedule E/F. [Dkt. No. 56].

---

[1] All statutory references to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., will hereinafter be referred to as "§ (section number)".

The Trustee examined the debtor at the initial meeting of creditors held pursuant to § 341 ("341 Meeting), and at a continued 341 Meeting held on November 17, 2021. Movants' counsel also examined the debtor at the continued 341 Meeting. On December 21, 2021, Movants sent a letter ("Demand Letter") to debtor's counsel requesting that debtor produce documents identified in the letter. According to the debtor's counsel, in response to the Demand Letter, the debtor delivered responsive documents on January 17, 2022, copies of his tax returns on January 19, 2022, and additional documents on January 24, 2022.

On December 22, 2021, Movants, debtor and the Trustee entered into a stipulation extending the time by which Movants and the Trustee may file a complaint objecting to debtor's discharge from January 2, 2022 to January 31, 2022, without prejudice to any further extension of time that any of them may seek. [Dkt. No. 19]. The Court approved the stipulation by Order entered on December 27, 2021. [Dkt. No. 22].

On January 19, 2022, Movants, debtor, and the Trustee stipulated to further extend Movants' and the Trustee's time to object to the debtor's discharge to and including March 2, 2022, without prejudice to any further extensions of time that they may seek. [Dkt. No. 24]. The Court approved the second stipulation by Order dated January 21, 2022. [Dkt. No. 26]. On February 22, 2022, Movants, debtor, and the Trustee stipulated to further extend Movants' and the Trustee's time to object to the debtor's discharge to and including April 4, 2022, without prejudice to any further extensions of time that they may seek. [Dkt. No. 29]. The Court approved the third stipulation by Order dated February 28, 2022. [Dkt. No. 30].

On March 28, 2022, Movants filed Bankruptcy Rule 2004 applications for entry of orders directing the production of documents by Chase Bank and Paypal, Inc. [Dkt. Nos. 34, 35]. The Court granted the applications that same day. [Dkt. Nos. 36, 37]. On April 1, 2022, Movants filed three additional Bankruptcy Rule 2004 applications seeking the production of

documents from TD Ameritrade, Salomon Whitney Financial, and Axos Clearing LLC, [Dkt. Nos. 40, 41, 42], which the Court granted on April 5, 2022, [Dkt. Nos. 44, 45, 46].

On April 4, 2022, Movants filed the pending motion seeking a fourth extension of their time to object to the debtor's discharge to and including June 15, 2022. [Dkt. No. 43]. The debtor opposed the motion. [Dkt. No. 60]. While the motion was pending, on May 9, 2022, Movants filed a complaint objecting to the debtor's discharge under §§ 727(a)(2)(A), (a)(2)(B), (a)(3), and (a)(4)(A). [Dkt. No. 61]; [Adv. Pro. Dkt. No. 1].[2] Debtor filed an answer to the complaint on June 8, 2022. [Adv. Pro. Dkt. No. 8]. On June 29, 2022, Movants filed an amended complaint. [Adv. Pro. Dkt. No. 10]. Debtor filed an answer to the amended complaint on July 12, 2022. [Adv. Pro. Dkt. No. 13].

## The Parties' Positions

A. The Motion to Extend Time

According to the Movants, (i) the debtor, a retail securities broker, began working at Salomon Whitney Financial ("SW") in approximately June 2020; (ii) before working at SW, the debtor was a securities broker at Worden Capital Management ("Worden"), which ceased operations in 2020 or 2021; and (iii) before working at Worden, the debtor was a registered representative of National Securities Corporation ("National"), which was the subject of various customer arbitrations alleging negligence, fraud, and misconduct by certain of National's securities brokers, including the debtor. Each of the Movants has filed a proof of claim in debtor's chapter 7 case for contractual indemnification relating to those arbitration proceedings.

In support of the motion, Movants assert that additional time is needed to obtain and analyze documents from third parties, including SW. According to Movants, debtor

---

[2] Unless otherwise stated, all docket references to the adversary proceeding, Adv. Pro. No. 22-08035, are cited as "Adv. Pro. Dkt. No. __."

3

produced some, but not all, of the documents requested in the Demand Letter. Based upon the documents produced by debtor, Movants contend that debtor made transfers (including by PayPal and Venmo) of commissions which were either owed or paid to him. Movants claim that debtor has been a securities broker at several firms in the past few years, and information regarding commissions debtor earned and received as a securities broker while he was at Worden and SW is required. Movants assert that at the continued 341 Meeting, debtor refused to disclose the names of clients he represented jointly with another broker based on confidentiality. As noted above, Worden ceased operations. Additionally, debtor's counsel advised that SW has asserted client confidentiality and privacy, and that Movants may need to subpoena certain business records directly from SW. To that end, Movants filed five Bankruptcy Rule 2004 applications, including one to obtain documents from and to examine SW.  As noted above, the Court granted each of these Bankruptcy Rule 2004 applications.

Movants also contend that debtor concealed property of the estate and made false oaths in his bankruptcy schedules and at the 341 Meeting. Movants argue that debtor's case is complex and that a further extension of their time to object to debtor's discharge is warranted.

B.  The Debtor's Opposition to the Motion

On May 2, 2022, debtor filed opposition to the motion contending that this chapter 7 case has been pending for six months, debtor has provided numerous documents to Movants, and Movants have failed to exercise the diligence required by Bankruptcy Rule 4004 to establish cause for a further extension of time. [Dkt. No. 60]. Debtor argues that Movants emailed the Demand Letter seeking documents on December 21, 2021, more than a month after the continued 341 Meeting held on November 17, 2021. Debtor maintains

4

that the Demand Letter sought a wide range of information and documents that pertained to third persons, such as Hagop (Jack) Wanesian ("Wanesian") and SW.

Debtor argues that he provided all documents available to him, including his and his wife's bank and financial statements, and tax returns in January 2022. Specifically, debtor asserts that (i) he answered questions raised by Movants by email dated January 13, 2022, [Dkt. No. 60, Ex. C], (ii) he delivered his and his wife's bank records to Movant's counsel on January 17, 2022, [Dkt. No. 60, Ex. B], (iii) he delivered copies of his 2019 and 2020 tax returns on January 18, 2022, and (iv) he delivered a more detailed document response along with additional documents on January 24, 2022, [Dkt. No. 60, Ex. E]. According to debtor, Movants have not requested additional information from him.

By email, dated January 17, 2022, debtor's counsel advised counsel for Movants that they would need to subpoena certain business records from debtor's employer. [Dkt. No. 60, Ex. F]. Debtor argues that Movants had sufficient notice of the need to seek documents not in debtor's possession or under his direct dominion and control directly from third parties.

When agreeing to a third extension of time on February 22, 2022, debtor's counsel advised that he may have difficulty granting further extensions and hoped that Movants were well on their way toward obtaining information from third parties. Debtor argues that instead of acting diligently, Movants waited more than two months before initiating the process of obtaining information from third parties. Debtor points out that Movants filed Bankruptcy Rule 2004 applications with respect to PayPal and Chase Bank on March 28, 2022, even though Movants received debtor's and his wife's bank statements from Chase Bank in January 2022.

Debtor further points out that Movants did not file Bankruptcy Rule 2004 applications for third party discovery from TD Ameritrade, SW, and Axos Clearing LLC until three days before the agreed upon April 4 deadline.

C. The Hearing

At oral argument on the motion, Movants initially asserted that the motion was rendered moot by the filing of a complaint objecting to debtor's discharge one day before the return date of the motion. In response, debtor stated that the filing of a complaint objecting to discharge while a motion to extend time is pending does not necessarily render the motion moot. The Court agreed. See *Berry Contracting LP v. Schmidt (In re Schmidt)*, Civil Action No. SA-20-CV-1234-FB, 2021 WL 1134417 (W.D. Tex. Feb. 26, 2021), *aff'd*, No. 21-50230, 2021 WL6060005 (5th Cir. Dec. 17, 2021). Movants then addressed the merits of the motion to extend time claiming sufficient cause warrants the short extension requested.

Movants argued that they acted with all due speed in diligently seeking discovery from debtor and third parties. Movants explained that after examining debtor at the continued 341 Meeting on November 17, 2021, they ordered transcripts of the initial and continued 341 Meeting. They sent the Demand Letter on December 21, 2021, a little more than one month after the continued 341 Meeting, requesting information and documents. While debtor provided certain documents requested on January 24, Movants contend that many documents, including information with respect to commissions received by Wanesian and trades done for debtor's clients, were not produced. Movants assert that their ability to file a complaint within the agreed upon time frame was hampered by the fact that Worden ceased its operations. Movants argued that it took extensive time to piece together the trail of funds as they had to review the documents produced, figure out the pattern of alleged concealment and fraud, and gather documents relating to the FINRA arbitration and the customer complaints. This, according to Movants, was not a task that could be completed over a span of a few months.

Movants claimed they filed Bankruptcy Rule 2004 applications seeking third party discovery in late March and early April 2022 after fully analyzing documents produced by

debtor. According to Movants, the documents produced by debtor showed that there were transfers made by Wanesian into Mrs. McMahon's bank account and to debtor directly. While the documents from PayPal and Chase were due on April 25, 2022, Movants note that the document request is extensive, and production of responsive documents is ongoing. Further, according to Movants, SW has produced certain documents but advised that it needed additional time to request documents from its third-party clearing firm. Movants noted that they have reviewed documents from SW which shed light on the specifics of the transfers of commissions received by Wanesian and on the transfers by Wanesian to debtor and Mrs. McMahon. Movants argued that documents from all these sources took time to receive and analyze. Movants also sought information from securities counsel in the pending criminal arbitration, which, according to Movants, relates in part to the alleged misconduct by debtor and others. That information, Movant claims, also took time to receive and analyze. In short, at the hearing, Movants provided a timeline of what they did to secure information relating to the debtor's financial condition and alleged concealment of assets. This, they say, evidences the speed at which they conducted their investigation and how they moved with due haste.

As expected, at oral argument, debtor had a different view of what transpired since the commencement of the chapter 7 case and the 341 Meeting. To begin with, debtor points out that the bankruptcy case is not complicated and denies any claim that he failed to disclose income or any other assets or failed to cooperate fully in discovery and the turnover of requested information. Turning to the merits of the motion, the main thrust of debtor's opposition is two-fold and focuses squarely on whether Movants acted diligently in seeking discovery. First, debtor stated that Movants had debtor's bank records for several months, as well as tax returns and other documents needed to determine whether to file a complaint to object to discharge as early as January 2022. Second, to the extent Movants needed

information and documents from third parties, Movants did not promptly seek third party discovery as they waited until March and April 2022 to submit Bankruptcy Rule 2004 applications requesting authority to issue subpoenas to third parties.

In short, debtor claims that the undisputed facts and the timeline set forth by Movants evidence that Movants did not act with due haste to uncover information relating to the debtor's financial condition.

## Discussion

A. Legal Standard

Pursuant to Bankruptcy Rule 4004(b)(1), the court may, on motion of any party in interest, after notice and hearing, "for cause extend the time to object to discharge." Fed. R. Bankr. P. 4004(b)(1). "'Cause' is not defined, and the determination is committed to the Court's discretion." *In re Nowinski*, 291 B.R. 302, 305 (Bankr. S.D.N.Y. 2003) (citing *In re Farhid*, 171 B.R. 94, 96 (N.D. Cal. 1993)). Accordingly, bankruptcy courts in the Second Circuit consider the following factors in determining whether sufficient "cause" has been established to extend the time to object to discharge:

1) whether the creditor has received sufficient notice of the deadline and information to file an objection;
2) the complexity of the case;
3) whether the creditor has exercised due diligence;
4) whether the debtor had refused in bad faith to cooperate with the creditor; and
5) the possibility that proceedings pending in another forum will result in collateral estoppel of the relevant issues.

*In re Bressler*, No. 06-11897, 2007 WL 98493, at \*1 (Bankr. S.D.N.Y. Jan. 12, 2007); *see also Ire Kramer*, 492 B.R. 366, 372 (Bankr. E.D.N.Y. 2013).

As to the third factor, courts have found a lack of due diligence where a creditor fails to conduct discovery prior to filing a motion to extend time and then files a motion seeking a Bankruptcy Rule 2004 examination of the debtor only days before the objection deadline. *Kramer*, 492 B.R. at 372; *Nowinski*, 291 B.R. at 306 (denying extension where creditor

failed to attend the § 341 meeting, failed to seek a Bankruptcy Rule 2004 order to examine the debtor until two weeks after the deadline to object to discharge, and failed to seek information from the receiver who had possession of substantially all the debtor's assets); *In re Grillo*, 212 B.R. 744, 747 (Bankr. E.D.N.Y. 1997) (denying extension where creditor failed to demonstrate the "slightest degree of due diligence or the presence of any unusual circumstances" other than filing a Bankruptcy Rule 2004 motion five days before the deadline seeking an order directing the debtor to appear for examination and produce documents); *In re Mendelsohn*, 202 B.R. 831, 832 (Bankr. S.D.N.Y. 1996) (denying extension where creditor failed to attend the § 341 meeting and did not seek a Bankruptcy Rule 2004 examination of the debtor); *In re Leary*, 185 B.R. 405, 406 (Bankr. D. Mass. 1995) (denying motion to extend where creditor participated in § 341 meeting but waited until ten days before the objection deadline to file a motion for a Bankruptcy Rule 2004 examination of the debtor); *Farhid*, 171 B.R. at 97 (denying extension where creditor failed to attend the § 341 meeting or make requests to the debtor for information).

As for assessing the degree of cooperation by a debtor in providing requested information, absent a finding of bad faith, "mere recalcitrance in discovery does not support a finding of 'cause.'" *Nowinski*, 291 B.R. at 307; *see also European Am. Bank v. Benedict (In re Benedict)*, 90 F.3d 50, 55 (2d Cir. 1996) (noting that while "recalcitrant behavior in complying with . . . discovery requests" may be an appropriate basis to extend a creditor's time under certain circumstances, it is not a sufficient ground absent a finding of bad faith).

B.  Analysis

With these legal principles in mind, the Court now turns to how each of these factors informs the Court's decision. Factor one with respect to notice of the deadline and factors four and five are not at issue for the following reasons. First, there is no dispute that Movants had notice of the bankruptcy filing and the deadline by which to commence an

9

action objecting to debtor's discharge. Movants participated in the continued 341 Meeting and the parties stipulated on three occasions to extend the time to object to discharge. Second, the possibility that proceedings pending in another forum will result in collateral estoppel of the relevant issues does not apply here as any pending proceeding would not result in the denial of the debtor's discharge. Third, while Movants allege debtor failed to provide information and documents in response to all their requests in the Demand Letter, and that the information provided was insufficient for Movants to file a complaint that would survive a motion to dismiss, Movants do not claim that debtor refused to cooperate in bad faith. As discussed above, "mere recalcitrance" does not support a finding of cause on its own without bad faith.

At issue, therefore, is whether Movants had sufficient information to file a complaint prior to the April 4 deadline, whether this is a complicated case, and whether Movants exercised due diligence in obtaining the information needed to file a complaint. As noted above, courts decline to extend a creditor's time to object to discharge where the creditor failed to participate in the § 341 meeting, sat on its rights between the § 341 meeting and the objection deadline, and waited until a few days before the deadline to seek a Bankruptcy Rule 2004 examination of the debtor.

Here, Movants examined debtor at the continued 341 Meeting. Movants thereafter did not sit on their hands. Rather than expending resources in moving under Bankruptcy Rule 2004 for an examination and production of documents by debtor, Movants conducted informal discovery by issuing the Demand Letter thirty-three days after the continued 341 Meeting. Movants explained that they were waiting for receipt of the transcripts of the 341 Meeting before issuing the Demand Letter. The Demand Letter requested information and documents from debtor, including documents relating to, *inter alia*, (i) unpaid commissions owed to debtor as of the Petition Date; (ii) commissions earned by, or paid to, Wanesian

relating to any transactions in 2020 or 2021 by, for or on behalf of any clients of debtor; (iii) commissions moved from Wanesian's representative number to the joint representative number of debtor and Wanesian in 2020 or 2021, and representative numbers held by debtor and Wanesian, individually or jointly with anyone; (iv) clients, commissions and assets under debtor's management provided to SW prior to debtor's employment; (v) broker representative change forms debtor prepared or submitted to SW and Worden; (vi) statements from 2018 to the present for bank and financial accounts in the names of debtor and/or his wife, Sabrina McMahon; (v) tax returns; and (vii) transactions made in 2020 or 2021 by, for or on behalf of persons that were clients of debtor, including any commissions owed to or paid to anyone other than debtor. Movants demanded that the documents be produced on or before December 30, 2021. [Dkt. No. 60, Ex. A].

Based upon the requests in the Demand Letter, it appears that Movants sought to investigate whether debtor, prior to the Petition Date, diverted and concealed his income from creditors by either transferring his clients or commissions earned from his clients to Wanesian or to other securities brokers. Contrary to debtor's assertion that this is a simple bankruptcy case, the scope of discovery sought by Movants related not to one or two isolated transactions, but rather all the securities transactions made for debtor's clients during 2020 and 2021 either by debtor directly or through Wanesian or another broker for debtor's benefit. Given the scope of the pending discovery request and the frequency of the transactions, as well as the number of clients at issue, it was not unreasonable for Movants to expect that responsive documents would be voluminous and foster additional discovery requests, whether from debtor or third parties. Movants explained that, through discovery of debtor and third parties, they have received thousands of documents, were continuing to receive documents in a rolling production, and were analyzing documents for patterns of where monies went. Movants further allege that monetary transfers involved not only

11

traditional bank accounts but also digital payment systems like PayPal, Venmo, and Zelle. Moreover, if what debtor produced in January 2022 was clearly sufficient for Movants to form the basis of a complaint to object to discharge as debtor alleges, then there would not be a need for third-party discovery. The transactions as issue could not be as simple as debtor professes since debtor's counsel advised in January 2022 that Movants should seek third party discovery and then agreed in February 2022 to a further extension of the objection deadline to April 4, 2022, without prejudice to any further extensions of time Movants may thereafter seek. Debtor agreed to the extension knowing at the time that Movants had not submitted Bankruptcy Rule 2004 applications to the Court. Based on the record placed before the Court, the second factor, complexity of the case, weighs in favor of Movants. The Court finds unpersuasive debtor's argument that this is nothing more than a simple, average chapter 7 case and discovery should have been concluded in a few months.

Further, the Court finds persuasive Movants' argument that they did not have in their possession sufficient information to file a well-crafted complaint prior to the objection deadline. Although Movants acknowledge that debtor provided bank and financial accounts, tax returns and other documents in January 2022, they claim that the document production fell short of full compliance. Movants explained that a complaint based upon information and documents received from debtor in January 2022, would unlikely survive a motion to dismiss. According to Movants, much of the information requested concerned commissions debtor allegedly earned or received indirectly with respect to transactions conducted for his clients which Movants argued were not produced by debtor.

Debtor takes issue with the sufficiency of the information and contends that counsel advised Movants' counsel as early as mid-January of the need to conduct Bankruptcy Rule 2004 examinations of third parties. Debtor asserts that the delay in Movants' filing Bankruptcy Rule 2004 applications seeking third party discovery demonstrates a lack of

due diligence. The Court disagrees. As noted above, this case is complex. Unlike the cases cited by debtor in his opposition, this is not a situation where Movants did nothing since the 341 Meeting and only sought a Bankruptcy Rule 2004 examination of debtor a few days before the objection deadline. Here, Movants participated in the continued 341 Meeting and sought information from debtor first and then from third parties. Movants explained that tracing the various financial transactions took time and they needed documents from third parties to determine whether debtor concealed his income. Depending upon the information received and given the complexity of the case, two months is not an unreasonable time frame for a creditor to analyze information and documents and seek third party subpoenas. There is also no requirement as to how soon a creditor must file a Bankruptcy Rule 2004 application, including an application requesting third-party discovery.[3]

While the Bankruptcy Rule 2004 application for third party discovery of SW corresponds to similar items sought by Movants from debtor in the Demand Letter, the other Bankruptcy Rule 2004 applications for the financial institutions are more expansive than the Demand Letter. The Bankruptcy Rule 2004 application for Chase sought statements, cancelled checks, wire transfer receipts, deposit slips, and cashier checks from 2016 to the present for any accounts, including eight accounts identified through discovery, in the name of debtor and/or Mrs. McMahon. Movants also sought similar information from TD Ameritrade and Axos Clearing LLC, and all statements concerning a Venmo or PayPal account in the name of debtor and/or his wife, from 2016 to the present. Movants explained that responses to their subpoenas to Chase and PayPal were due April 25 and they were

---

[3] The court in *In re Robinson*, Case No. 12-11915 (SMB), 2013 WL 3993741, at *3 (Bankr. S.D.N.Y. Aug. 2, 2013), denied a motion seeking an extension of time where the creditor did nothing for four months after taking the debtor's deposition before serving a deposition subpoena on a third party. However, the creditor's extension motion was predicated on the need to take the debtor's deposition, and not that of the third-party. At the initial hearing on the extension motion, the court granted a short extension to allow the examination of the debtor. In addition, the creditor failed to settle an order granting his motion as directed and the objection deadline was never formally extended. Here, Movants' motion to extend time is predicated on the need to obtain information from third parties and was timely filed prior to the objection deadline.

13

continuing to receive documents as of the hearing date on the motion. Nevertheless, in looking to move the case along, Movants reviewed documents and information produced in third party discovery and concluded that it had sufficient information to file a complaint objecting to debtor's discharge a little more than 30 days after the motion was filed, even though the motion sought an extension of sixty days.

In short, the Court finds that the first and third factors weigh in favor of Movants' request for an extension of the objection deadline. There is no evidence that Movants sat idle in this bankruptcy case throughout the two-month period from when debtor produced documents and when third-party Bankruptcy Rule 2004 applications were filed. Additionally, even during the period while the motion to extend time was pending Movants continued their quest to review and analyze information received both from debtor and third parties. Accordingly, based on the record placed before the Court, Movants demonstrated that they have exercised due diligence in pursuing discovery and gathering information concerning debtor's financial condition and pre-petition activity. As such, the Court finds that cause exists to extend the objection deadline. This case will be decided on the merits.

## Conclusion

For the foregoing reasons, the motion to extend time to file a complaint objecting to debtor's discharge under § 727(a) is granted. By separate order, the Court will schedule a pretrial conference on Movants' amended complaint as issue has been joined.

So ordered.

Dated: November 29, 2022
Central Islip, New York

**Louis A. Scarcella**
**United States Bankruptcy Judge**